83,940-01

Abel Acosta-Clerk
P.o.Box 12308 Capital Station
Austin Tx 78711

Date: Sep 28 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 02 2015
Abel Acosta, Clerk

RE: 12F0172-102

Yes, Enclosed is Applicants Concuring and Objections to be Filed Stamped dated and set for Submission with this Court with habeas Review of above Cause number. Can You Please Set before court and in habeas file in Your usual fashion. Please return documents if trial court has not Sent habeas files to this Court.

Thank You

+ Joshua Green

Joshua Green # 1781763
2661 FM 2054
Tennessee Colony Tx 75884

CAUSE NO: 12F0172-102

EX PARTE

§
§
§
§
§
§
§

IN THE DISTRICT COURT

102nd JUDICIAL DISTRICT OF

JOSHUA GREEN

BOWIE COUNTY, TEXAS

APPLICANT'S CONCURRING AND OBJECTION'S TO THE
TURIAL COURT'S RECOMMENDATION TO DENY HIS
HABEAS PETITION

APPlicant Now files his concuring and objections to the trial courts recommendations. (Tr. CT. Recom.).

APPlicant raised ___ Grounds of ineffective assistance of counsel on histrial counsel.

Ground three - Trial Counsel failed to Present material mitigation evidence during the Sentencing Phase of trial. (Tr. Ct. Recom. Page 3 #2).

APPlicant objects to trial counsels response and the trial courts denial of this Ground based on counsel's affidavit assertions:

Trial Counsels response to this Ground does not comport to APPlicant's habeas contentions argued of counsels failure to Present material mitigating evidence during the Punishment Phase. See (APPlication P.10; memorandum P.13-18).

One of the States witnesses lied (Giseia Altamirano) about did he hear APPlicant express concern for anyone else other than him self during a Police interview and he said NO. (RRV5: P.73, ln 18-20). Counsel failed to show the Portion of this recorded video, which the Jury never saw during trial because counsel failed to utrlize his right to optional completeness to show Jury this Particular expression of remorse that the witness Previously lied about. This lie changes the whole evidentiary Picture that the Jury saw during trial. Now it infers that all they saw at trial was not true which counsel Should of

corrected. Even Strickland suggests that "some errors will have had a pervasive effect on the influences to be drawn from the evidence, altering the entire evidentiary picture (as in this case) See e.g. Strickland 466 US. 668; 695-96; 104 SCT 2052, 2064-69

Counsel allowing this fabrication to stand was objectionably unreasonable. Because the trial counsel as well as the trial court did not address the properly exhausted ground for relief it is failed to being adjudicated.

Ground four- Trial counsel failed to object to leading the witness on critical issues by the state. (Tr. Ct. Recom. P. 4- #3).

Applicant 'agress' with the courts findings (that trial counsel agrees to issuing deficient performance) but objects to the courts resolution.

The trial court held that because Applicant's ground was based on a failure to object, he must 'establish' that the trial judge would err if it overruled objection. Ex Parte White 160 Sw3d 465 3(2004) We also agree, however Applicant objects that the trial court believes that Applicant did not establish this principle. Just 'writing' words to state "that if counsel would of objected the trial court would err in denying" is not enough to warrant an establishment of this standard. So Strickland supra preposes that if, by the preponderance of the evidence that warrants a probability that had counsel objected the proceeding would of been different. Ex Parte Williams 65 sw3d 656 658 (2001), this is how the 'established' standard is produced.

Applicant and his counsel agreed that he rendered constitutionally deficient performance and the record confirms it. (Tr. Ct. Recom. P. 4) The benchmark for judging any claim of ineffective assistance is whether counsel's conduct so undermined the proper ~~conduct so~~ functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland 466 US. 686. There is no strategic reason to allow the state to testify and lead the

complainant on crucial and critical issues of the Prosecution. Applicant by a Preponderance of the evidence, supported by the record and trial counsels assertions established that the Probability exists enough to undermine the reliance of the Verdict. Ex Parte White 160 sw3d at 53. See (Appl. Mem. P.____ for support).


Ground five- failure to object to courts denial of admittance of evidence to Prove biasness and motive (Tr. Ct. Recom. P5- #4).

Applicant objects to the courts recommendation for several reasons. First, counsel did not address his actions for this claim only stating that it is a matter of record and Pushed the responsibility on the trial court. Second, its true that a hearing was held on the bias and motive evidence and the judge ruled them not admissible See (RR:4, Page 110 In 14-25). However counsel did not object to this denial and Preserve error for appellate Review. An objection for Appellate review must be specific according to T.R.A.P. 33.1. Just arguing on the record is not an objection. Pena V. State 285 sw3d. 45A, 464 (Tx. Cr. App. 2009)

The evidence shows by an Preponderance of the evidence 1) that the constitutional Guarentee of a fair trial deems bias and motive evidence relevant and holds the trial court in abuse of discretion for not allowing it. See Shelby V State 819 sw2d 544, 549-51 (Tx. Cr. App. 1991); Foly V State 119 sw3d 550, 566-68 (Tx. App. Hou. 14th 2002 Pet. ref'd).

Ground six- failure to impeach on two critical issues (Tr. Ct. Recom. P43)

Applicant concurs with the factual record that the two counts regard sexual assault and two regarded aggravated sexual assault, objects to the trial courts finding that Applicants argument that a continued strategy would have changed outcome was mertiousless.


Applicant argued that counsel 'changed' his trial strategy from

attacking the complainants testimony by her inconsistent statements that her physical abuse started when she was in her freshman year yet in trial she stated it started when she was 8. (RR:4. P.53, ln 4-8), to only challenging 5 of the aggravated charges instead of 7. Although counsel effectively impeached the complainant on 5 of the aggravated charges he minimized the evidence which also encompassed the other two counts of aggravated assault (sexual) according to her statements that no sexual physical abuse started until when she was 15 or 16. Writ Exibit B contains the statement.

There can be no strategic choice to abandon exculpatory evidence only because counsel couldn't properly impeach a witness. (RR:3 P. 104 ln 20-25; P. 105 ln 1-15; RR:5 P.14, ln 1-7, P.19, ln 1-6; P. 53, ln 5-9). See also State Bar rules art. 12. Sect. 8, DR7-101(A) (1,3)(B) "No benifit in withholding exculpatory evidence from Jury which is to determine attorney's client guilty or innocent).

Holding counsel deficient in light of said record is not speculation because the deficient performance is confirmed in the record. Vasquez 830 Sw2d 948, 951 (Tx. Cr. App. 1992).

Ground Seven-failed to properly admit critical impeachment evidence. (Tr. Ct. Recom. P.7).

Applicant objects. Had counsel properly authenticated the video he would of not had all the miscalculated attempts to impeach the Complainant. (RR:4. P. 195, ln 195-198). Even counsel's affidavit shows he is still not sure of the proper method of authentication provided by the Tct. R. Ev. See (Tr.Ct.Recom.P.8 n.2), See also (Appl. mem. P. 30-34.)

Its because of this that the trial court help the defense by allowing him to utilize the same video the court ruled inadmissible to refresh memory (out side the presence of Jury). See (RR:4 P. 195-198; P254, ln 21-25 P. 255 1-25; P256, ln 1-13). Counsel's failure failed to render reasonable assistance.

Ground two-Appellate Counsel ineffective for not raising legal sufficiency. (Tr.Ct.Recom. P9 #7)

Applicant objects. This Ground 'only' challenged Grounds 8 and 9 which deal with sexual assault of a child. These counts dealt with only Penetration.

The evidence adduced at trial showed that the illegal acts happened when the Complainant was either 14 or 17. (4RR: P.44). To be an sexual assault of a child the crime has to be done to a child under 17 not 17 and under according to statute. Penal Code 22.011 2(c)(1).

The State failed to Prove beyond a reasonable doubt as to when the alleged Penetration happened. For it to be i as the charge was, an Sexual assault of a child the State had to Prove that the Complainant was indeed a child Persribed by statute which was under 17. Appeal Counsel failed to raise a meritous claim on direct appeal. See (Appli. Memo. Page 7-13 for argument).

This Concludes Applicants objections.

Respectfully Submitted.

## CERTIFICATE OF SERVICE

I Joshua Green do certify that a true copy has been sent to Abel Acosta Clerk Court of Criminal Appeals P.O. Box 12308 Capitol Station Austin Tx 78711 by Postal mail on the 28 day of Sep 2015.

x Joshua Green

Joshua Green # 1781763
2661 Fm 2054
Tennessee Colony Tx 75884